DISTRICT OF NEW JERSEY
UNITED STATES BANKRUPTCY COURT

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Lynn T. Nolan, Esq. - 039952011
GROSS POLOWY, LLC
Formed in the State of Delaware
2500 Plaza 5, Suite 2548
Jersey City, NJ 07311
(716) 204-1700
E-mail: lnolan@grosspolowy.com
Attorneys for Creditor MidFirst Bank

In Re:

    RAYMOND T. JOHNSTON

        Debtor(s).

Case No.: 19-31056-aba

Judge: Andrew B. Altenburg, Jr.

Hearing: 6/23/2021 at 10:00a.m.

Chapter: 13

## **OBJECTION TO CONFIRMATION**

Lynn T. Nolan, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the District of New Jersey, states the following under the penalty of perjury:

1. I am an attorney at law duly licensed to practice before this Court and an associate with the office of Gross Polowy, LLC, attorneys for MidFirst Bank ("Secured Creditor"), and as such, am fully familiar with the facts and circumstances of the present case.

2. Secured Creditor is the holder of a note secured by a mortgage on real property commonly known as 34 Abington Avenue, Marlton, NJ 08053 which property is owned by the Debtor.

3. The Debtor filed a Chapter 13 Plan on May 18, 2021 which does not state the arrears owed to secured creditor and does not provide for treatment of the post-petition monthly obligations. The proposed plan appears to be contingent on loss mitigation.

4. Objection is made as the Chapter 13 Plan is based on the approval of a loan modification. Applying for a loan modification does not override the Debtors requirements under the code. Further, objection is made as the plan reflects an intent to retain the collateral, though does not include the anticipated amount Debtor will pay to the Trustee (as part of the plan) for arrearages on monthly obligations and the

debtor does not express their intent to pay directly to the creditor monthly obligations after the bankruptcy filing.

5. The Debtor's entire Chapter 13 Plan and reorganization is dependent upon and contingent on a loan modification. The Debtors assume they will be a viable candidate for a modification, without presenting competent evidence that approval of a loan modification is likely.

6. Secured Creditor filed a Proof of Claim listing approximately $45,576.68 in pre-petition arrears, appearing as Claim 5-2. The Debtor's proposed plan does not address these arrears at all or their intention as to their payment.

7. The Debtor's proposed Chapter 13 Plan does not provide for post-petition payments. Though the Debtor is paying an amount to allow them to participate in the Court Supervised Loss Mitigation Program, that amount is separate and apart from an adequate protection payment under the Code. The amount proposed of $1,204.38 as adequate protection is insufficient as the contractual monthly payment is $1,529.10. Should loss mitigation not be successful, treatment must be proposed for both the arrears and for ongoing post-petition monthly payments.

8. Additionally, as the Debtor's proposed Chapter 13 Plan provides for total plan payments in the amount of $12,000.00, which is insufficient to fully pay the arrears owed to Secured Creditor if loss mitigation is unsuccessful, confirmation of the Plan must be denied pursuant to 11 U.S.C.§1325.

9. As the Debtor's proposed plan fails to provide for full payment of the arrears listed in the Proof of Claim filed by Secured Creditor and fails to provide for sufficient funds to be paid into the Plan, and fails to provide for sufficient funds to be paid into the Plan if loss mitigation is unsuccessful, confirmation of the Plan must be denied pursuant to 11 U.S.C. §1325.

WHEREFORE, it is respectfully requested that this Court deny confirmation of the Debtor's proposed plan, and for such other and further relief as to this Court deems just and equitable.

Date: 6/14/2021

/s/ Lynn T. Nolan, Esq.
By: Lynn T. Nolan, Esq.