| | |
|---|---|
| **DISTRICT OF NEW JERSEY** <br> **UNITED STATES BANKRUPTCY COURT** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Ashley M Pascuzzi - 272502018 <br> GROSS POLOWY, LLC <br> Formed in the State of Delaware <br> 2500 Plaza 5, Suite 2548 <br> Jersey City, NJ 07311 <br> (716) 204-1700 <br> E-mail: apascuzzi@grosspolowy.com <br> Attorneys for Creditor MidFirst Bank | **Order Filed on November 2, 2021** <br> **by Clerk** <br> **U.S. Bankruptcy Court** <br> **District of New Jersey** |
| In Re: <br><br>     Raymond T. Johnston <br>     aka Ray Johnston <br>     aka Ray T Johnston <br><br>                  Debtor(s). | Case No.: 19-31056-aba <br><br> Hearing Date: November 9, 2021 <br><br> Judge: Andrew B. Altenburg, Jr. <br><br> Chapter: 13 |

## ORDER VACATING AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) and three (3) is hereby **ORDERED.**

**DATED: November 2, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
Debtor: RAYMOND T. JOHNSTON AKA RAY JOHNSTON AKA RAY T JOHNSTON
Case No.: 19-31056-aba
Caption of Order: **ORDER VACATING AUTOMATIC STAY**

Upon the motion of Creditor, MidFirst Bank, on behalf of itself and its successors and/or assigns (hereinafter collectively "Secured Creditor" and/or Movant), under Bankruptcy Code §362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown,

ORDERED as follows:

1. The automatic stay of Bankruptcy Code Section 362(a) is vacated to permit the movant its successors and/or assigns to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to foreclose mortgage(s) held by the movant upon the following:

Land and premises commonly known as 34 Abington Avenue, Marlton, NJ 08053.

It is further ORDERED that the movant, its successors or assignees, may proceed with its right and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement to possession of the property.

The movant may join the debtor and any trustee appointed in this case as defendants in its foreclosure action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

That pursuant to 11 U.S.C. §1301(c), the co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor is hereby terminated.

The movant shall serve this Order on the debtor, any trustee and any other party who entered an appearance on the motion.

The Trustee shall receive notice of any surplus monies received.